## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CARAVELLE WOOD PRODUCTS, INC., Respondent.

No. 73–1260.

United States Court of Appeals, Seventh Circuit.

Dec. 23, 1974.

Before CASTLE, Senior Circuit Judge, and STEVENS, Circuit Judge.

## ON PETITION FOR REHEARING AND SUGGESTION OF RE-HEARING EN BANC.

On petition for rehearing, the respondent brings to our attention that although thirteen ballots were challenged, only twelve challenges were sustained. The Board did not resolve the challenge to the remaining ballot because it would not have affected the outcome of the election. However, because the court did not reach the question of whether the Board properly excluded the ballots of Paul Paradiso and Donald Kloss, the unresolved challenge does become significant. If this ballot and those of Paul Paradiso and Donald Kloss are counted, the election result would stand at 35 votes for the Union and 35 votes against the Union. The Union would thus have failed to achieve majority status, and the Board's order to bargain would be improper. The NLRB, in its answer to the respondent's petition, contends that the Board correctly excluded the ballots of Paul Paradiso and Donald Kloss.

We noted that the Board failed to decide whether Paul Paradiso and Donald Kloss resided at home or were economically dependent on their fathers. An absence of a finding on this factor is not dispositive, however, if, on balance, the other factors set forth in *Caravelle I* support a factual determination that these relatives do not share a community of interest with their fellow employees. In this regard, the Board concluded that:

> the interests of the Paradiso wives and children were closely allied to those of the Company which was principally owned, controlled, managed, and supervised by members of the Paradiso family. Similarly, we conclude that the interests of Donald W. Kloss were closely linked to those of his father, a supervisor, shareholder, and director who took an active part in management affairs.

These conclusions are supported by the record and satisfy the requirements of *Caravelle I.* Accordingly, the Board properly excluded the votes of Paul Paradiso and Donald Kloss. We therefore need not remand for Board resolution of the challenge to the final ballot, and we affirm our prior decision to enforce the Board's order.

No judge in regular active service having requested that a vote be taken on the suggestion for an *en banc* rehearing, the same is hereby denied.